782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FREDERICK AND HERRUD, INC., Plaintiff-Appellant,
v.
THE ROYAL BANK OF CANADA, Defendant-Appellee.
 85-1126
 United States Court of Appeals, Sixth Circuit.
 12/19/85
 
 Before: KENNEDY and KRUPANSKY, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Frederick & Herrud, Inc. ('Frederick & Herrud'), brought this action for negligence, breach of fiduciary duty, and breach of contract against defendant-appellee, The Royal Bank of Canada ('Royal Bank'), in the United States District Court for the Eastern District of Michigan. On September 13, 1982, the Windsor Packing Company, Limited, a Canadian corporation which subsequently went out of business, issued three checks, drawn on the National Bank of Canada ('National Bank'), in the total amount of $92,411.65 to Frederick & Herrud. Frederick & Herrud deposited these checks in its account with Royal Bank on September 14, 1982. Royal Bank credited Frederick & Herrud's account for the amount of the checks and sent the checks for collection through the check clearing process. The complaint alleged that although the checks were presented to National Bank for payment on September 16, 1982, National Bank did not dishonor the checks until September 22, 1982. The complaint further alleged that National Bank violated Article 27 of the Clearing House Rules, which provides that the drawee bank must return a dishonored check within forty-eight hours or the Clearing House Rules treat the check as accepted for payment. Since National Bank delayed in dishonoring the checks, the complaint alleged that Royal Bank should have treated the checks as paid and refused to accept the returned checks. Royal Bank, however, debited Frederick & Herrud's account for the total amount of the three returned checks on September 28, 1982.
 
 
 2
 In response to the complaint, Royal Bank filed a motion to dismiss for lack of personal jurisdiction, under the doctrine of forum non conveniens, and for failure to join an indispensable party. Royal Bank subsequently withdrew the lack of personal jurisdiction defense. The District Court held oral argument on the motion to dismiss. At the close of oral argument, the District Court dismissed the complaint, without prejudice, under the doctrine of forum non conveniens and for failure to join National Bank as an indispensable party.
 
 
 3
 Plaintiff-appellant raises two issues on appeal: (1) Whether the District Court abused its discretion by dismissing the complaint under the doctrine of fourm non conveniens; and (2) Whether the District Court abused its discretion by dismissing the complaint for failure to join National Bank as an indispensable party. For the reasons set forth below, we hold that the District Court did not abuse its discretion in dismissing the complaint under the doctrine of forum non conveniens. Accordingly, we affirm the District Court order dismissing the complaint. We do not reach the indispensable party issue.
 
 
 4
 We may reverse a district court's dismissal of an action under the doctrine of forum non conveniens only if the district court clearly abused its discretion. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). See also Dowling v. Richardson-Merrell, Inc., 727 F.2d 608, 616 (6th Cir. 1984) ('When a trial court considers both public and private interest factors and engages in a balancing of interests, its decision must be upheld in the absence of a clear abuse of discretion.'). Frederick & Herrud argues that since Royal Bank failed to identify an alternative forum, the District Court could not possibly have undertaken the required balancing analysis. Royal Bank, however, did name an alternative forum. In the conclusion of its motion to dismiss, Roval Bank stated:
 
 
 5
 WHEREFORE, Defendant asks that its Motion be granted and that this action be dismissed to allow Plaintiff the opportunity to refile in the District Court for Ontario, Canada.
 
 
 6
 Furthermore, in its brief in support of the motion to dismiss, defendant stated: 'Plaintiff's interests are satisfied by the availability of an alternative forum in Ontario, Canada.' Finally, at oral argument on the motion, defendant's counsel stated: 'The plaintiff has alleged negligence under the Clearing House Rules of Canada; therefore, the case is to be governed by Canadian law. The case should've been brought in Ontario. Therefore, an alternative forum exists in this case.' Consequently, the defendant identified an alternative forum. Plaintiff responds that defendant merely identified an alternative court system and did not identify an alternative forum. We reject plaintiff's argument.
 
 
 7
 Furthermore, we conclude that although the District Court could have performed a more detailed analysis, the District Court considered the appropriate public and private interest factors and engaged in the required balancing of interests before dismissing the action. At the conclusion of the hearing on the motion to dismiss the action, the District Court stated:
 
 
 8
 As to forum non conveniens, first of all, all of the activities complained of in the lawsuit did occur in Canada and are governed by Canadian law. This is not a matter in which the State of Michigan has any interest or public policy involving it whatsoever, aside from the fact that its law is not directly implicated.
 
 
 9
 The witnesses to the transactions, at least those transactions alleged in paragraph 11 of the complaint, which are the crucial transactions of the lawsuit, are all in Canada, whether in Windsor or in Toronto.
 
 
 10
 The employees of the National Bank would be nonparty witnesses, certainly necessary witnesses to the defendant if not the plaintiff, and none are amenable to this Court's jurisdiction.
 
 
 11
 The subponea of this Court would not lie to those witnesses, and there is no jurisdiction over the National Bank or those individuals in Canada, wherever in Canada they are located. So their testimony would be available only if they should volunteer to come to Michigan from wherever they are in Canada.
 
 
 12
 Consequently, the District Court did not abuse its discretion in dismissing the complaint under the doctrine of forum non conveniens.
 
 
 13
 Accordingly, we affirm the District Court order granting Royal Bank's motion to dismiss the complaint under the doctrine of forum non conveniens.